PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR ECHEVARRÍA, Defendant and Appellant.

No. 5319. Argued April 5, 1934.—Decided May 3, 1934.

*Wilson Colberg* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Salvador Echevarría took the present appeal from a judgment convicting him of the offense of carrying a prohibited weapon, and the sole error assigned by him is that the lower court erred in holding that the facts established by the evidence constitute the crime of which he was convicted.

The facts as shown by the evidence are simple. There are no important contradictions in the testimony of the witnesses. The appellant is the overseer of a rural property. He learned on a certain day that a horse belonging to that property was in another property owned by Don Jesús Rossy, where it had fought with another horse. He went there and noticing that his horse had injured that of Mr. Rossy, took the horse of the latter in order to cure it and left his own horse there. Later, after the horse was cured, he took it back to the property in order to deliver it and fetch his own horse, but Mr. Rossy's overseer objected to his doing this, as he had no authority from his principal. A quarrel ensued and a policeman was called. He saw Echevarría with a revolver and seized it. These two properties are about one kilometer apart, and in order for the appellant to go to the property belonging to Mr. Rossy he had to travel that distance over the highway.

The appellant bases his defense on the case of *People* v. *Bosch,* 43 P.R.R. 711, and on other similar cases from some American courts, and maintains that he was not carrying the revolver unlawfully but in the discharge of his duties as an overseer.

The facts in the *Bosch* case, *supra,* were. as. follows: the property of which Bosch was an overseer was traversed by a public road, having lands on both sides of the highway. Bosch came out with his revolver from one side of the property and went upon the highroad because he learned that some men were cutting grass from the property. In view of these facts, the majority of this court held that the crime of carrying a prohibited weapon had not been committed, because the going into the highway under such conditions was clearly within the duties of an overseer, and that when an overseer or watchman steps off his property to restrain offenders, there is no possibility of ascribing to him an intent to violate the law; that this intent is not apparent where he merely incidentally appears on the highroad with no intention of remaining there with his pistol; and that a watchman may be considered to be on his own property when he steps on the highroad lying between pieces of property belonging to his employer.

We have stated at the beginning of this opinion the facts of the instant case, and we find that they are different from those of the cited case, for here no property lying on both sides of the highway is involved; and when the appellant left the property of which he is an overseer to carry the horse after it was cured to the other property, no emergency whatsoever existed, as in the *Bosch* case.

The appellant should not have gone out of the premises with his revolver towards the property of another person to deliver a horse and fetch his own, thus having to travel on the highway; he was performing a duty that pertained to his employment, but such duty did not require of him that he be armed. The distance traveled along the public road is

unimportant, for it matters not whether he traveled a kilometer or less than that distance. Under the circumstances of the present case, he was not entitled to go upon the highway with a revolver.

By reason of the foregoing, the facts of this case justify the judgment appealed from, which should be affirmed.